B 1 (Official Form 1) (4/10)

| United States Bankruptcy Court<br>Northern District of New York | Voluntary Petition |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>Salerno Plastic Film and Bags (USA) Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): Salerno Plastic Corp. | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if<br>more than one, state all): 14-1799372 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)<br>No./Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br><br>14 Gus Lapham Lane    c/o PricewaterhouseCoopers Inc., in its capacity<br>Plattsburgh, NY 12901   as receiver of the Debtor<br>                 1250 René - Lévesque Blvd. West, Suite 2800<br>                 Montreal, Québec  H3B 2G4 CANADA | Street Address of Joint Debtor (No. and Street, City, and State): |
| County of Residence or of the Principal Place of Business: Clinton County, New York | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
| c/o PricewaterhouseCoopers Inc., in its capacity as Receiver of the Debtor<br>1250 René - Lévesque Blvd. West, Suite 2800<br>Montreal, Québec  H3B 2G4 CANADA | |
| Location of Principal Assets of Business Debtor (if different from street address above):  See Verified Petition | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in<br>   11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other | ☐ Chapter 7    ☒ Chapter 15 Petition for<br>☐ Chapter 9       Recognition of a Foreign<br>☐ Chapter 11     Main Proceeding<br>☐ Chapter 12   ☐ Chapter 15 Petition for<br>☐ Chapter 13     Recognition of a Foreign<br>               Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br><br>☐ Debtor is a tax-exempt organization<br>   under Title 26 of the United States<br>   Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br><br>☐ Debts are primarily consumer  ☒ Debts are primarily<br>   debts, defined in 11 U.S.C.     business debts.<br>   § 101(8) as "incurred by an<br>   individual primarily for a<br>   personal, family, or house-<br>   hold purpose." |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must<br>attach signed application for the court's consideration certifying that the debtor<br>is unable to pay fee except in installments. Rule 1006(b). See Official Form<br>3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | **Check box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to<br>insiders or affiliates) are less than $2,190,000.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes<br>of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR<br>COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for<br>   distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

RLFI 3633253v. 1

B 1 (Official Form 1) (4/10)

Page 2

| Voluntary Petition (Amended)<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Salerno Plastic Film and Bags (USA) Inc. |
|---|---|

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: See Schedule A | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

<table>
<tr>
<td><b>Exhibit A</b><br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br><br>☐   Exhibit A is attached and made a part of this petition.</td>
<td><b>Exhibit B</b><br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>    Signature of Attorney for Debtor(s)      (Date)</td>
</tr>
</table>

| Exhibit C |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐   Yes, and Exhibit C is attached and made a part of this petition.<br>☒   No. |

| Exhibit D |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br><br>    ☐   Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br><br>If this is a joint petition:<br><br>    ☐   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| Information Regarding the Debtor - Venue<br>(Check any applicable box.) |
|---|
| ☐   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br><br>☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.<br><br>☒   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| Certification by a Debtor Who Resides as a Tenant of Residential Property<br>(Check all applicable boxes.) |
|---|
| ☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)<br><br>              _____<br>              (Name of landlord that obtained judgment)<br><br>              _____<br>              (Address of landlord)<br><br>☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and<br><br>☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.<br><br>☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

RLF1 3633253v. 1

B 1 (Official Form 1) (4/10)

Page 3

| Voluntary Petition (Amended)<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Salerno Plastic Film and Bags (USA) Inc. |
|---|---|

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>    Signature of Debtor<br><br>X _____<br>    Signature of Joint Debtor<br><br>X _____<br>    Telephone Number (if not represented by attorney)<br><br>    _____<br>    Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☒ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>    (Signature of Foreign Representative)<br><br>    Bernard Brunet<br>    PricewaterhouseCoopers Inc.<br><br>    December 6, 2010 |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X _____<br>    Signature of Attorney for Foreign Representative<br><br>Peter A. Pastore<br>McNamee, Lochner, Titus & Williams<br>677 Broadway, P.O. Box 459<br>Albany, New York 12201-0459<br>Telephone: (518) 447-3200<br><br>- and -<br><br>Russell C. Silberglied<br>Richards, Layton & Finger, P.A.<br>920 N. King Street, One Rodney Square<br>Wilmington, Delaware 19801<br>(302) 651-7700<br><br>December 6, 2010<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)<br>(Required by 11 U.S.C. § 110.)<br><br>_____<br>Address<br><br>X _____<br><br>_____<br>Date |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>    Signature of Authorized Individual<br><br>    _____<br>    Printed Name of Authorized Individual<br><br>    _____<br>    Title of Authorized Individual<br><br>    _____<br>    Date | Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

RLF1 3633253v. 1

## Schedule A

| Name of Entity | District | Relationship | |
|---|---|---|---|
| SALERNO PLASTIC FILM AND BAGS (CANADA) INC. | Superior Court, District of Longueuil, Québec, Canada | Affiliate | |
| SALERNO CANADA PROPERTY INC. | Superior Court, District of Longueuil, Québec, Canada | Affiliate | |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 15** |
| | ) | |
| **SALERNO PLASTIC FILM AND BAGS (USA) INC.** | ) | **Case No. 10-** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |
| Tax ID No. xx-xxx9372 | ) | |

**RECEIVER'S VERIFIED CHAPTER 15 PETITION FOR
RECOGNITION OF FOREIGN PROCEEDING AND RELATED RELIEF**

PricewaterhouseCoopers Inc. ("PwC" or the "Receiver"), as Canadian Court appointed receiver for Salerno Plastic Film and Bags (USA) Inc. ("Salerno US" or the "Chapter 15 Debtor") files this verified petition (the "Verified Petition") seeking recognition of (a) the order (the "Receivership Order") entered by the Superior Court (Commercial Division) for the District of Longueuil, Province of Québec (the "Canadian Court") granting CIBC Asset-Based Lending Inc.'s December 3, 2010 Motion for the Issuance of an Order Appointing a Receiver (Section 243 of the *Bankruptcy and Insolvency Act* (the "BIA")) and (b) the proceedings in the Canadian Court under the BIA as a foreign main proceeding. Pursuant to the Receivership Order, Salerno Plastic Film and Bags (Canada) Inc. f/k/a Salerno Transparent Bags (1997) Ltd. ("Salerno Parent"), Salerno Canada Property Inc. ("Salerno Canada"), and Salerno US (together, with Salerno Parent and Salerno Canada, the "Salerno Entities") were placed into receivership under the BIA (the "Canadian Proceeding").[1]

The Receiver has commenced this chapter 15 case ancillary to the Canadian Proceeding and respectfully files this Verified Petition with the required accompanying

---

[1] A certified copy of the Receivership Order is attached hereto as Ex. A.

documentation pursuant to section 1504 and 1515 of title 11 of the United States Code (the "Bankruptcy Code"). In this chapter 15 case, the Receiver will seek entry of orders (a) recognizing the Canadian Proceeding as a foreign main proceeding; (b) granting an interim stay under section 1519(a)(1) of creditor actions against the Receiver or the Chapter 15 Debtor commenced in the United States, or against the Chapter 15 Debtor's business, assets or property located in the United States; (c) after notice and a hearing, entry of an order under section 1521(a)(1)-(3) extending the stay on a permanent basis; (d) entry of an order on an immediate and provisional basis, recognizing the Receivership Order to the extent that it authorizes the appointment of the Receiver and allows it to continue a marketing and sale process seeking a sale of substantially all of the Salerno Entities' assets free and clear of all liens, claims and encumbrances and to borrow funds and continue using the pre-petition cash management system; and (e) concurrently with or after entry of a recognition order under section 1517 of the Bankruptcy Code, entry of an order recognizing the Receivership Order in full, as well as any other order of the Canadian Court authorizing such a sale of the Salerno Entities' assets, to the same extent set forth in the Receivership Order or subsequent orders of the Canadian Court, pursuant to sections 1520(a)(2) and 1521(a)(7) and substantially consistent with section 363 of the Bankruptcy Code. In support of the Verified Petition, the Receiver respectfully states as follows:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and section 1501 of the Bankruptcy Code. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

2.     Venue is proper in this district pursuant to 28 U.S.C. § 1410(a)(1) and (3).

RLF1 3633253v. 1

3.    The statutory predicates for the relief requested herein are section 105(a), 1504, 1507, 1515, 1517, and 1521 of the Bankruptcy Code.

## BACKGROUND

**A.    The Salerno Entities, the Canadian Proceeding and the Chapter 15 Case**

4.    On December 3, 2010, CIBC Asset-Based Lending Inc. f/k/a CIT Business Credit Canada Inc. ("CIBC"), the principal secured lender of the Salerno Entities under a credit agreement, dated as of August 7, 2007, by and between the Salerno Entities and CIBC (the "Credit Agreement"), filed a "Motion for the Issuance of an Order Appointing a Receiver" (the "Motion for Issuance") with the Canadian Court.  On December 6, 2010, the Canadian Court entered the Receivership Order.

5.    In its Receivership Order, the Canadian Court "Requests the aid and recognition of any court ... having jurisdiction in ... the United States to give effect to this Order." Receivership Order at ¶25.  That same paragraph authorizes PwC "to act as the 'foreign representative' of the Debtors ... [in] prospective proceedings under Chapter 15 ...".  Thus, on December 6, 2010, the Receiver commenced this chapter 15 case by filing the Verified Petition.  Moreover, paragraph 3(u) of the Receivership Order authorizes PwC to "act as foreign representative in a petition under chapter 15 of the Bankruptcy Code to recognize these proceedings and any order issued by this Court."

6.    Salerno US is a Delaware corporation having its principal assets and principal place of business in Plattsburgh, New York.

7.    The Salerno Entities are manufacturers of plastic films and standard and custom bags serving the horticulture, salt, chemical and insulation markets.  Collectively, they operate two manufacturing facilities, one in Châteauguay, Québec  (the "Québec Plant") and another in Plattsburgh, New York (the "US Plant").  Salerno Canada owns the Québec Plant and

3

rents the same to Salerno Parent. Salerno US owns the US Plant. The US Plant in essence operates as a second manufacturing facility for Salerno Parent.

8.      Salerno US is a wholly-owned subsidiary of Salerno Parent and is governed by the same management team headquartered in Châteauguay, Québec. In addition, Salerno US has the same board of directors as Salerno Parent, which consists of a single Canadian resident director. Thus, while the US Plant is located in New York, the "brain" of the corporate body, and all corporate decision making, is located in Canada.

9.      Both Salerno US and Salerno Canada are guarantors under the Credit Agreement, while Salerno Parent is the primary obligor. Salerno US has no independent operating financing; its funding comes from its parent out of financing the parent has drawn (in Canada) from CIBC.

10.     The Salerno Entities collectively employ approximately 220 employees, approximately 120 of which are employed at the US Plant. The employees of Salerno US are non-unionized. Salerno US has a 401K plan that is 100% employee-funded with no employer contribution obligations.

11.     Pursuant to the Credit Agreement and other loan documents, receivables collected by Salerno US are ultimately deposited in a single bank account shared by all the Salerno Entities and paid to CIBC on a twice-weekly basis. Salerno US operates a bank account in Canada and from time to time transfers inventory with Salerno Parent.

12.     The accounting records of Salerno US are maintained by Salerno Parent in Châteauguay, Québec. The US Plant and the Québec Plant are managed and controlled jointly, as if they were one, with chief operating decisions being made in Châteauguay, and the production and operating decisions at the US Plant are made in coordination with Salerno Parent

RLF1 3633253v. 1

by senior management in Châteauguay. Both plants produce products for the same group of customers located in Canada and the United States, and production can be, and regularly is, switched between plants with minimal interruption, consistent with the joint management of operations of both companies. In other words, the plants in both locations operate as a seamless whole, irrespective of corporate ownership, and decisions are made in Canada.

**B.    The Salerno Entities' Prepetition Debt Structure**

13.    As of November 22, 2010, the Salerno Entities were indebted to CIBC under the Credit Agreement in an aggregate amount of C$13,479,016, which is secured by a lien on substantially all of the Salerno Entities' assets, including the US Plant.

14.    The Salerno Entities also owe approximately C$5,245,000, as of November 22, 2010, to two additional secured lenders: Business Development Bank of Canada ("BDC") and Investissements Québec ("IQ"). At the time that the Credit Agreement was executed, CIBC, BDC, IQ, and the Salerno Entities entered into certain intercreditor agreements (the "Intercreditor Agreements") that established the priority of security interests of CIBC, BDC, and IQ. CIBC holds a senior security interest in the Salerno Entities' inventory, accounts receivable, chattel paper, instruments and the US Plant. BDC has a senior security interest in the Québec Plant and IQ has a senior security interest on certain tax credits identified in the Intercreditor Agreements.

15.    Importantly, BDC and IQ consented to CIBC's commencement of the Canadian Proceeding and the sale process being conducted by PwC Corporate Finance (as defined below). In addition, upon information and belief, BDC has consented to the filing and recognition of the Verified Petition and the relief requested in the Receiver's motion seeking (a) an interim and final stay pursuant to sections 362, 1519 and 1521 of the Bankruptcy Code, and

5

(b) interim and final orders recognizing the Receivership Order, filed contemporaneously herewith.[2]

16.    In addition to the secured indebtedness to CIBC, BDC, and IQ, the Salerno Entities owe approximately $7,000,000.00 to trade suppliers.    Additionally, approximately $7,000,000.00 of unsecured debentures issued by Salerno Parent (not the Chapter 15 Debtor) is outstanding to Fonds de Solidarité des Travailleurs du Québec and Capital Regional et Cooperatif Desjardins.

**C.    Events Leading to Receivership and Chapter 15 Filing**

17.    In 2007, the Salerno Entities were the subject of a management buyout transaction which resulted in part in the companies taking on significant debt obligations. While the Salerno Entities realized significant volume growth following the transaction, it did not generate sufficient profits and cash flow over time to adequately services its debt obligations. This arose from, inter alia, competitive pressure on margins; excess capacity despite the Salerno's Entities relatively small production capacity; the depreciation of the U.S. dollar; and the impact of the global economic downturn beginning in 2008.

18.    In its moving papers in the Canadian proceeding, CIBC represented:

Since December 2007, the Salerno Entities have faced several financial difficulties necessitating several amendments to the Credit Amendment.    Moreover, on August 10, 2010, the Salerno Entities confirmed the following events of default under the Credit Agreement:

a.    On July 19, 2010, Salerno Parent advised CIBC that a number of its representations and warranties with regard to certain unaudited consolidated balance sheet and related

---

[2] It does not appear that IQ has an interest in the chapter 15 case because its security interest solely relates to the Canadian entities.

statements of income, in addition to certain borrowing base reports and borrowing requests, delivered to CIBC, proved to be incorrect (the "Misrepresentation") and the extent of such Misrepresentation was being currently investigated and determined by Salerno Parent; the Misrepresentation constitutes an event of default under section 7.1(c) of the Credit Agreement;

b.      The Misrepresentation has resulted in overadvances of the revolving loan under the Credit Agreement in an amount of C$1,982,000 rather than the C$1,567,000 represented by Salerno Parent as of July 21, 2010, the whole in breach of section 4.2(d) of the Credit Agreement resulting in an event of default under section 7.1(e) of the Credit Agreement; and

c.      Salerno Parent has failed to cause its shareholders to inject cash in the amount of not less than C$700,000 by June 30, 2010 in breach of section 5.18 of the Credit Agreement. Such failure constitutes an event of default under section 7.1(e) of the Credit Agreement (collectively the "Events of Default").

See Motion for Issuance ¶ 30.

19.      Immediately following the acknowledgement of the Events of Default, CIBC appointed Samson Belair/ Deloitte & Touche s.e.n.c.r.l. to monitor and report on the Salerno Entities' financial status on a weekly basis. Since August 10, 2010, CIBC agreed to forbear from its recourses until November 28, 2010.

**D.      The Marketing and Sale Process**

20.      Given their financial difficulties, long prior to the petition date, the Salerno Entities determined that it might be necessary to sell their business and assets. Thus, on September 3, 2010, the Salerno Entities hired PricewaterhouseCoopers Corporate Finance Inc.[3]

---

[3] To the extent that assistance is required in the United States, such assistance will be provided by PricewaterhouseCoopers Corporate Finance LLC, another member of the global network of PwC firms.

RLF1 3633253v. 1

("PwC Corporate Finance") to conduct a sale and marketing process, as described in its

engagement letter, the relevant portion of which provides:

| The Divestiture Process | |
|---|---|
| **Phase One:** <br> **STRATEGY** | **Perform review of the business and information available.** <br> **Revise the teaser prepared by the Company** |
| **Phase Two:** <br> **STRATEGY** | **Identify potential purchasers** |
| **Phase Three:** <br> **PREPARATION** | **Advise in structuring of Company and divestiture process to maximize value and marketability.** <br> **Assist management in the compilation of the Confidential Information Memorandum and dataroom to present the opportunity to potential purchasers.** |
| **Phase Four:** <br> **MARKETING** | **After obtaining your agreement, make approaches to pre-screened potential purchasers to determine party(s) with high level of interest.** <br> **Arrange execution of confidentiality agreements.** <br> **Provide weekly updates of the process and discussions with potential acquirers.** <br> **Obtain non-binding letters of intent.** |
| **Phase Five:** <br> **NEGOTIATIONS** | **Assist in strategy and tactics in negotiations.** <br> **Assist in the pricing, form and structure of the transaction.** <br> **Assist in the negotiation of basic transaction.** |
| **Phase Six:** <br> **CLOSING** | **Assist in the negotiation of a definitive agreement for the transaction.** <br> **Assist in resolving issues in moving the process to a successful closing.** |

21.     Thereafter, PwC Corporate Finance assisted the Salerno Entities in

preparing a data room and confidential information memorandum, in identifying 33 potential

purchasers, contacting and entering into confidentiality agreements with potential purchases, and

conducting preliminary negotiations with prospective buyers.

22.     While the solicitation and marketing efforts did not result in an executed

deal prior to the petition date, certain letters of intent were received pre-petition that could form

the basis of agreement for the sale of substantially all of the Salerno Entities' business or assets.

8

### E.    Receivership and the Canadian Proceedings

23.    CIBC commenced the Canadian Proceeding to pursue the orderly marketing and sale of the Salerno Entities business and assets under the supervision of the Receiver and the Canadian Court. To preserve and maximize the value of the Salerno Entities' assets for the benefit of their creditors and facilitate the orderly and expeditious sale of the assets, the Receivership Order, among other things, authorizes PwC as Receiver to engage its affiliate, PwC Corporate Finance, to continue and complete the sale process described in the Engagement Letter, under the supervision of the Canadian Court.

24.    In addition, the Receivership Order authorizes PwC, in the name of and on behalf of Salerno Parent, to borrow from CIBC pursuant to the same terms of the Credit Agreement. Borrowings will be secured by existing security granted to CIBC. In other words, rather than enter into a new debtor in possession financing and negotiate priming or priorities issues, changes in interest rates and new facility fees, the pre-petition credit facility will remain in place. CIBC intends to continue funding the essential obligations of the Salerno Entities, solely on a tolerance basis and in consultation with the Receiver, under the existing Credit Facilities pursuant to the conditions and terms referred to in the Credit Agreement while reserving its rights to cease funding at any moment and at its sole discretion. While the borrower will be Salerno Parent, some of the borrowings likely will be downstreamed to Salerno US.

25.    The Receivership Order also authorizes PwC to maintain the same cash management system as was in place among the Salerno Entities prior to the commencement of the Canadian Proceeding or replace it with another substantially similar cash management

RLF1 3633253v. 1

system.[4]  Accordingly, cash generated from sales by the US's Plant is comingled with cash generated from the sales from the Québec Plant, all of which assets will be administered in the Canadian Proceeding.  The Receiver is also authorized, pursuant to the Receivership Order, to sell, convey, transfer, lease or assign property of the Salerno Entities without approval of the Canadian Court (subject to approval of CIBC, or if BDC has first priority in that collateral, BDC) in respect of any transaction no exceeding $100,000, provided that the aggregate consideration for all such transactions does not exceed $500,000.  It is not clear at this time whether this authority even will be used, other than in the ordinary course of business.

## **RELIEF SOUGHT**

26.    By this Verified Petition, the Receiver seeks the following relief:

a.    recognition pursuant to section 1517 of the Bankruptcy Code of the Canadian Proceeding as a foreign main proceeding;

b.    an interim stay against creditor actions pursuant to section 1519 of the Bankruptcy Code and ultimately an extension of that stay on a permanent basis pursuant to section 1521 of the Bankruptcy Code;

c.    all relief that may be afforded foreign main proceedings pursuant to sections 1507 and 1521 of the Bankruptcy Code; and

d.    such other and further relief as is appropriate under the circumstances pursuant to sections 105(a) and 1507 of the Bankruptcy Code.

---

[4] As part of the centralized cash management system of the Salerno Entities, Salerno US maintains a lockbox account in the United States for the receipt of deposits from sales to its customers. These funds are transferred to a Canadian-domiciled account on a twice-weekly basis, from which CIBC may apply such deposits towards amounts owing under the Credit Agreement. The Salerno Entities also maintain Canadian-domiciled operating accounts (in Canadian and U.S. dollars) to carry out disbursements in the ordinary course of business.

RLF1 3633253v. 1

**BASIS FOR RELIEF**

27.    For the reasons more fully discussed in the Memorandum of Law in Support of Chapter 15 Petition for Recognition and Motion for Related Relief, filed contemporaneously herewith, the Canadian Proceeding is entitled to recognition under section 1517 of the Bankruptcy Code because:

a.    the Canadian Proceeding is (i) a foreign proceeding within the meaning of section 101(23) of the Bankruptcy Code, and (ii) a foreign main proceeding within the meaning of section 1502(4) of the Bankruptcy Code, because the Canadian Proceeding is pending in the country where Salerno US has the center of its main interests;

b.    the Receiver is a foreign representative within the meaning of section 101(24) of the Bankruptcy Code; and

c.    the Verified Petition meets the requirements of section 1515 of the Bankruptcy Code.

28.    Moreover, recognizing the Canadian Proceeding would not be "manifestly contrary" to the public policy of the United States, as prohibited by section 1506 of the Bankruptcy Code. In fact, granting the recognition will promote the United States' public policy of respecting foreign proceedings, as articulated in, *inter alia*, sections 1501(a) and 1508 of the Bankruptcy Code and further cooperation between courts to the maximum extent possible, as mandated by section 1525(a) of the Bankruptcy Code. Thus, the conditions for mandatory recognition of the Canadian Proceeding under section 1517 of the Bankruptcy Code have been satisfied.

11

## CONCLUSION

WHEREFORE, the Receiver respectfully requests that this Court grant this Verified Petition and enter the orders in the forms attached to the motion seeking an interim and permanent stay against creditors actions as <u>Exhibits A</u> and <u>B</u>, recognizing the Canadian Proceeding as a foreign main proceeding, granting an interim stay under section 1519 and extending it on a permanent basis under section 1521, recognizing the Receivership Order and granting such other and further relief as this Court may deem just and proper.

RLF1 3633253v. 1

Dated: December 6, 2010
    Wilmington, Delaware

Peter A. Pastore
MCNAMEE, LOCHNER, TITUS & WILLIAMS
677 Broadway, P.O. Box 459
Albany, New York 12201-0459
Telephone: (518) 447-3200

-and-

Russell C. Silberglied
L. Katherine Good
Marisa A. Terranova
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700

*Counsel to PricewaterhouseCoopers Inc.,*
*Receiver for Salerno Plastic Film and Bags*
*(USA) Inc.*

13

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746, Bernard Brunet declares as follows:

I am an authorized agent of PricewaterhouseCoopers Inc., which was appointed as Receiver in

the receivership of Salerno Plastic Film and Bags (USA) Inc., by the Superior Court (Commercial

Division), District of Longueuil, Province of Québec on December 6, 2010.  I have full authority to

verify the foregoing Verified Petition for Recognition of Foreign Proceeding and Related Relief.  I

have read the foregoing Verified Petition for Recognition of Foreign Proceeding and Related Relief,

and am informed and do believe that the allegations contained therein are true and accurate to the best

of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed the 6th day of December 2010.

Name: Bernard Brunet
Title:   Senior Vice President,
PricewaterhouseCoopers Inc.

## Exhibit A

CANADA
PROVINCE OF QUÉBEC
DISTRICT OF BEAUHARNOIS

SUPERIOR COURT
(Commercial Division)

IN THE MATTER OF THE RECEIVERSHIP

NO: 760-11-004971-103

SALERNO PLASTIC FILM AND BAGS (CANADA) INC.

NO: 760-11-004972-101

SALERNO CANADA PROPERTY INC.

NO: 760-11-004973-109

SALERNO PLASTIC FILM AND BAGS (USA) INC.

Debtors

- and -

CIBC ASSET–BASED LENDING INC.

Petitioner

- and -

PRICEWATERHOUSECOOPERS INC.

Proposed Receiver

---

**RECEIVERSHIP ORDER**

---

**CONSIDERING** Petitioner's Motion for the Issuance of an Order Appointing a Receiver filed in docket no 760-11-004971-103, 760-11-004972-101 and 760-11-004973-109 (the "**Motion**");

**CONSIDERING** the representations of counsel for the parties;

**GIVEN** the provisions of the *Bankruptcy and Insolvency Act* (the "**BIA**");

**FOR THESE REASONS, THE COURT:**

**SERVICE**

[1]      **ORDERS** that the time for service of the Motion is hereby abridged and validated so that it is properly returnable today and hereby dispenses with further service thereof.

- 2 -

## APPOINTMENT

[2]    **ORDERS** that pursuant to section 243(1) of the BIA, PricewaterhouseCoopers Inc. ("**PwC**") is hereby appointed Receiver, without security, of all of the assets, undertakings and properties of Salerno Plastic Film and Bags (Canada) Inc., Salerno Plastic Film and Bags (USA) Inc. and Salerno Canada Property Inc. (collectively the "**Debtors**") acquired for, or used in relation to a business carried on by the Debtors, including all proceeds thereof (the "**Property**").

## RECEIVER'S POWERS

[3]    **ORDERS** that the Receiver is hereby empowered and authorized, but not obligated, to act at once in respect of the Property and, without in any way limiting the generality of the foregoing, the Receiver is hereby expressly empowered and authorized to do any of the following where the Receiver considers it necessary or desirable:

(a)    subject to paragraph 13 and 14 hereof, to take possession of and exercise control over the Property and any and all proceeds, receipts and disbursements arising out of or from the Property, wherever located, using any and all legal means it has to constrain the remittance of the Property;

(b)    to receive, preserve, and protect the Property, or any part or parts thereof, including, but not limited to, the changing of locks and security codes, the relocating of Property to safeguard it, the engaging of independent security personnel, the taking of physical inventories and the placement of such insurance coverage as may be necessary or desirable;

(c)    to manage, operate, and carry on the business of the Debtors, including the powers to enter into any agreements, incur any obligations in the ordinary course of business, cease to carry on all or any part of the business, or cease to perform any contracts of the Debtors;

(d)    to engage consultants, appraisers, agents, experts, auditors, accountants, managers, counsel and such other persons (including PricewaterhouseCoopers Corporate Finance Inc. ("**PwC Corporate Finance**") and other entities affiliated with the Receiver) from time to time and on whatever basis, including on a temporary basis, to assist with the exercise of the Receiver's powers and duties, including without limitation those conferred by this Order;

(e)    to purchase or lease machinery, equipment, inventories, supplies, premises, or other assets to continue the business of the Debtors or any part or parts thereof;

(f)    subject to paragraph 13 and 14 hereof, to receive and collect all monies and accounts now owed or hereafter owing to the Debtors and to exercise all remedies of the Debtors in collecting such monies, including, without limitation, to enforce any security held by the Debtors;

(g)    to settle, extend or compromise any indebtedness owing to the Debtors;

- 3 -

(h)    to execute, assign, issue and endorse documents of whatever nature in respect of any of the Property, whether in the Receiver's name or in the name and on behalf of the Debtors, for any purpose pursuant to this Order;

(i)    to undertake environmental or workers' health and safety assessments of the Property and operations of the Debtors;

(j)    to initiate, prosecute and continue the prosecution of any and all proceedings and to defend all proceedings now pending or hereafter instituted with respect to the Debtors, the Property or the Receiver, and to settle or compromise any such proceedings. The authority hereby conveyed shall extend to such appeals or applications for judicial review in respect of any order or judgment pronounced in any such proceeding;

(k)    in accordance with paragraph 22, to market any or all of the Property, including advertising and soliciting offers in respect of the Property or any part or parts thereof and negotiating such terms and conditions of sale as the Receiver in its discretion may deem appropriate;

(l)    to sell, convey, transfer, lease or assign the Property in the ordinary course of business and subject to the express written consent of the Petitioner with respect to the Property to which the Petitioner claims a first ranking interest, as more particularly set out in paragraph 25(a) of the Motion (the "**CIBC Priority Collateral**") and subject to the express written consent of Business Development Bank of Canada ("**BDC**") with respect to the Property to which BDC claims a first ranking interest, as more particularly set out in paragraph 25(b) of the Motion (the "**BDC Priority Collateral**"), sell, convey, transfer, lease or assign the Property outside the ordinary course of business:

(i) without the approval of this Court in respect of any transaction not exceeding $100,000, provided that the aggregate consideration for all such transactions does not exceed $500,000; and

(ii) with the approval of this Court in respect of any transaction in which the purchase price or the aggregate purchase price exceeds the applicable amount set out in the preceding clause;

(m)    to apply for any vesting order or other orders necessary to convey the Property or any part or parts thereof to a purchaser or purchasers thereof, free and clear of any liens or encumbrances affecting such Property;

(n)    to report to, meet with and discuss with such affected Persons (as defined below) as the Receiver deems appropriate on all matters relating to the Property and the receivership, and to share information, subject to such terms as to confidentiality as the Receiver deems advisable;

(o)    to register a copy of this Order and any other Orders in respect of the Property against title to any of the Property;

- 4 -

(p)     to apply for any permits, licences, approvals or permissions as may be required by any governmental authority and any renewals thereof for and on behalf of and, if thought desirable by the Receiver, in the name of the Debtors;

(q)     to enter into agreements with any trustee in bankruptcy appointed in respect of the Debtors, including, without limiting the generality of the foregoing, the ability to enter into occupation agreements for any property owned or leased by the Debtors;

(r)     to exercise any shareholder's rights which the Debtors may have, inter alia, with respect to the share certificates of Salerno Plastic Film and Bags (USA) Inc.;

(s)     to make an assignment in bankruptcy on behalf of the Debtors, including executing any necessary documents to effect such an assignment in bankruptcy and/or consenting to the issuance of a bankruptcy order, and the Receiver may take such proceedings under the BIA as the Receiver may deem appropriate;

(t)     to take any steps reasonably incidental to the exercise of these powers or the performance of any statutory obligations; and

(u)     act as foreign representative in a petition under Chapter 15 of the US Bankruptcy Code to recognize these proceedings and any order issued by this Court

and in each case where the Receiver takes any such actions or steps, it shall be exclusively authorized and empowered to do so, to the exclusion of all other Persons (as defined below), including the Debtors, and without interference from any other Person.

[4] **ORDERS AND DECLARES** that unless expressly provided for herein, this Order and any subsequent order of this Court approving a specific transaction shall constitute the only authorization required by the Petitioner and the Receiver to proceed with the sale of the Property, and that no shareholder or regulatory approval shall be required in connection therewith save and except for those which will be included in a sale agreement negotiated by the Receiver.

## DUTY TO PROVIDE ACCESS AND CO-OPERATION TO THE RECEIVER

[5]     **ORDERS** that (i) the Debtors, (ii) all of its current and former directors, officers, employees, agents, accountants, legal counsel and shareholders, and all other persons acting on its instructions or behalf, and (iii) all other individuals, firms, corporations, governmental bodies or agencies, or other entities having notice of this Order (all of the foregoing, collectively, being **"Persons"** and each being a **"Person")** shall forthwith advise the Receiver of the existence of any Property in such Person's possession or control, shall grant immediate and continued access to the Property to the Receiver, and shall deliver all such Property to the Receiver upon the Receiver's request.

[6]     **ORDERS** that all Persons shall forthwith advise the Receiver of the existence of any books, documents, securities, contracts, orders, corporate and accounting records, and any other papers, records and information of any kind related to the business or

- 5 -

affairs of the Debtors, and any computer programs, computer tapes, computer disks, or other data storage media containing any such information (the foregoing, collectively, the "**Records**") in that Person's possession or control, and shall provide to the Receiver or permit the Receiver to make, retain and take away copies thereof and grant to the Receiver unfettered access to and use of accounting, computer, software and physical facilities relating thereto, provided however that nothing in this paragraph [6] or in paragraph [7] of this Order shall require the delivery of Records, or the granting of access to Records, which may not be disclosed or provided to the Receiver due to the privilege attaching to solicitor-client communication or due to statutory provisions prohibiting such disclosure.

[7] **ORDERS** that if any Records are stored or otherwise contained on a computer or other electronic system of information storage, whether by independent service provider or otherwise, all Persons in possession or control of such Records shall forthwith give unfettered access to the Receiver for the purpose of allowing the Receiver to recover and fully copy all of the information contained therein whether by way of printing the information onto paper or making copies of computer disks or such other manner of retrieving and copying the information as the Receiver in its discretion deems expedient, and shall not alter, erase or destroy any Records without the prior written consent of the Receiver. Further, for the purposes of this paragraph, all Persons shall provide the Receiver with all such assistance in gaining immediate access to the information in the Records as the Receiver may in its discretion require including providing the Receiver with instructions on the use of any computer or other system and providing the Receiver with any and all access codes, account names and account numbers that may be required to gain access to the information.

## NO PROCEEDINGS AGAINST THE RECEIVER

[8]      **ORDERS** that no proceeding or enforcement process in any court or tribunal (each, a "**Proceeding**"), shall be commenced or continued against the Receiver except with the written consent of the Receiver or with leave of this Court.

## NO PROCEEDINGS AGAINST THE DEBTORS OR THE PROPERTY

[9]      **ORDERS** that no Proceeding against or in respect of the Debtors or the Property shall be commenced or continued except with the written consent of the Receiver or with leave of this Court and any and all Proceedings currently under way against or in respect of the Debtors or the Property are hereby stayed and suspended pending further Order of this Court; provided that the Petitioner and BDC will only be subject to the terms of this paragraph 9 until 5:00 PM Eastern Standard Time on January 31, 2011, unless such parties otherwise agree in writing to be so bound.

## NO EXERCISE OF RIGHTS OR REMEDIES

[10]      **ORDERS** that all rights and remedies against the Debtors, the Receiver, or affecting the Property, are hereby stayed and suspended except with the written consent of the Receiver or leave of this Court, provided however that this stay and suspension does not apply in respect of any "eligible financial contract" as defined in the BIA, and further provided that nothing in this paragraph shall (i) empower the Receiver or the Debtors to carry on any business which the Debtors are not lawfully entitled to carry on,

- 6 -

(ii) exempt the Receiver or the Debtors from compliance with statutory or regulatory provisions relating to health, safety or the environment, (iii) prevent the filing of any registration to preserve or perfect a security interest (or hypothec), or (iv) prevent the registration of a claim for lien; provided that the Petitioner and BDC will only be subject to the terms of this paragraph 10 until 5:00 PM Eastern Standard Time on January 31, 2011, unless such parties otherwise agree in writing to be so bound.

## NO INTERFERENCE WITH THE RECEIVER

[11]   **ORDERS** that no Person shall discontinue, fail to honour, alter, interfere with, repudiate, terminate or cease to perform any right, renewal right, contract, agreement, licence or permit in favour of or held by the Debtors, without written consent of the Receiver or leave of this Court; provided that the Petitioner and BDC will only be subject to the terms of this paragraph 11 until 5:00 PM Eastern Standard Time on January 31, 2011, unless such parties otherwise agree in writing to be so bound.

## CONTINUATION OF SERVICES

[12] **ORDERS** that all Persons having oral or written agreements with the Debtors or statutory or regulatory mandates for the supply of goods and/or services, including without limitation, all computer software, communication and other data services, centralized banking services, payroll services, insurance, transportation services, utility or other services to the Debtors are hereby restrained until further Order of this Court from discontinuing, altering, interfering with or terminating the supply of such goods or services as may be required by the Receiver, and that the Receiver shall be entitled to the continued use of the Debtors' current telephone numbers, facsimile numbers, internet addresses and domain names, provided in each case that the normal prices or charges for all such goods or services received after the date of this Order are paid by the Receiver in accordance with normal payment practices of the Debtors or such other practices as may be agreed upon by the supplier or service provider and the Receiver, or as may be ordered by this Court.

## CASH MANAGEMENT SYSTEM

[13]   **ORDERS** that the Receiver shall be authorized but not required to pay the payables of the Debtors, including Salerno Plastic Film and Bags (USA) Inc. and shall continue to utilize, in the name of and on behalf of the Debtors or any one of them, the Current Cash Management System (Exhibit R-3) currently in place as described in the Motion or, with the consent of the Petitioner, replace it with another substantially similar cash management system (the Current Cash Management System or any replacement thereof, the "**Cash Management System**") and that any present or future bank providing the Cash Management System: (i) shall not be under any obligation whatsoever to inquire into the propriety, validity or legality of any transfer, payment, collection or other action taken under the Cash Management System, or as to the use or application by the Receiver of funds transferred, paid, collected or otherwise dealt with in the Cash Management System, and (ii) shall be entitled to provide the Cash Management System without any liability to any Person other than the Receiver (acting in the name of and on behalf of the Debtors) pursuant to the terms of the documentation applicable to the Cash Management System.

- 7 -

## RECEIVER TO HOLD FUNDS

[14]    ORDERS all funds, monies, cheques, instruments, and other forms of payments received or collected by the Receiver from and after the making of this Order from any source whatsoever, including without limitation the collection of any accounts receivable in whole or in part, whether in existence on the date of this Order or hereafter coming into existence, shall be deposited into the Debtors' bank accounts in accordance with the Cash Management System other than any proceeds arising from the sale of the Debtors' business and assets in connection with the Sale Process (defined below) which sale proceeds shall be deposited into one or more new accounts to be opened by the Receiver (the "**Post Receivership Accounts**") and the monies standing to the credit of such Post Receivership Accounts from time to time, shall be held by the Receiver to be paid in accordance with the terms of this Order or any further Order of this Court.

## EMPLOYEES

[15]    ORDERS that all employees of the Debtors shall remain the employees of the Debtors until such time as the Receiver, on the Debtors' behalf, may terminate the employment of such employees. The Receiver shall not be liable for any employee-related liabilities, including any successor employer liabilities as provided for in section 14.06(1.2) of the BIA, other than such amounts as the Receiver may specifically agree in writing to pay, or in respect of its obligations under sections 81.4(5) or 81.6(3) of the BIA.

[16]    ORDERS that, pursuant to clause 7(3)(c) of the Canada Personal Information Protection and Electronic Documents Act, the Receiver shall disclose personal information of identifiable individuals to prospective purchasers or bidders for the Property and to their advisors, but only to the extent desirable or required to negotiate and attempt to complete one or more sales of the Property (each, a "**Sale**"). Each prospective purchaser or bidder to whom such personal information is disclosed shall maintain and protect the privacy of such information and limit the use of such information to its evaluation of the Sale, and if it does not complete a Sale, shall return all such information to the Receiver, or in the alternative destroy all such information. The purchaser of any Property shall be entitled to continue to use the personal information provided to it, and related to the Property purchased, in a manner which is in all material respects identical to the prior use of such information by the Debtors, and shall return all other personal information to the Receiver, or ensure that all other personal information is destroyed.

## LIMITATION ON ENVIRONMENTAL LIABILITIES

[17]    ORDERS that nothing herein contained shall require the Receiver to occupy or to take control, care, charge, possession or management (separately and/or collectively, "**Possession**") of any of the Property that might be environmentally contaminated, might be a pollutant or a contaminant, or might cause or contribute to a spill, discharge, release or deposit of a substance contrary to any federal, provincial or other law respecting the protection, conservation, enhancement, remediation or rehabilitation of the environment or relating to the disposal of waste or other contamination including, without limitation, the Canadian Environmental Protection Act, the Environment Quality Act (Quebec) and regulations under such statutes (the "**Environmental Legislation**"), provided however that nothing herein shall exempt the Receiver from any duty to report

- 8 -

or make disclosure imposed by applicable Environmental Legislation. The Receiver shall not, as a result of this Order or anything done in pursuance of the Receiver's duties and powers under this Order, be deemed to be in Possession of any of the Property within the meaning of any Environmental Legislation, unless it is actually in possession.

## LIMITATION ON THE RECEIVER'S LIABILITY

[18] **ORDERS** that neither the Receiver nor PwC Corporate Finance shall incur any liability or obligation as a result of their appointment and/or the carrying out the provisions of this Order (including performance of the engagement referred to in paragraph 22), save and except for any gross negligence or wilful misconduct on either of their parts. Nothing in this Order shall derogate from the protections afforded the Receiver by section 14.06 of the BIA or by any other applicable legislation.

## RECEIVER'S ACCOUNTS

[19]    **ORDERS** that the Receiver and counsel to the Receiver shall be paid their reasonable fees and disbursements, that would not have otherwise been paid pursuant to paragraph 21 hereof, in each case at their standard rates and charges, and that the Receiver and counsel to the Receiver shall be entitled to and are hereby granted a charge   on the Property in an amount not to exceed $300,000 (the "**Receiver's Charge**"), as security for such fees and disbursements, both before and after the making of this Order in respect of these proceedings, and that the Receiver's Charge shall form a first charge on the Property in priority to all security interests, hypothecs, trusts, liens, charges and encumbrances, statutory or otherwise, in favour of any  Person; provided that in the event the Receiver relies on the Receiver's Charge, 75% of the Receiver's unpaid fees and disbursements will be satisfied by proceeds of the CIBC Priority Collateral and 25% of the Receiver's unpaid fees and disbursements will be satisfied by proceeds of the BDC Priority Collateral.

[20]    **ORDERS** that the Receiver and its legal counsel shall pass its accounts from time to time, and for this purpose the accounts of the Receiver and its legal counsel are hereby referred to a judge or registrar of the Quebec Superior Court of Justice. Prior to the passing of its accounts, the Receiver shall be at liberty from time to time to apply reasonable amounts, out of the monies in its hands, against its fees and disbursements, including the legal fees and disbursements, incurred at the normal rates and charges of the Receiver or its counsel, and such amounts shall constitute advances against its remuneration and disbursements when and as approved by this Court.

## FUNDING OF THE RECEIVERSHIP

[21]    **AUTHORIZES** the Receiver, in the name of and on behalf of Salerno Plastic Film and Bags (Canada) Inc. (the "**Borrower**"), to be at liberty and is hereby empowered to borrow from the Petitioner, by way of written request (in a form and manner satisfactory to the Petitioner) to the Petitioner from time to time such monies as the Receiver may consider necessary or desirable (including to fund the Receiver's reasonable fees and disbursements) and such borrowings shall constitute indebtedness of the Borrower to the Petitioner under the Credit Agreement (Exhibit R-2) and such borrowings shall accrue interest at the rates provided for in the Credit Agreement, it being understood that such borrowings shall be funded at the sole discretion of the Petitioner and shall be

- 9 -

repaid in full upon demand.  Such borrowings and any interest thereon shall be secured by the existing security granted by the Debtors in favour of the Petitioner (Exhibit R-4).

SALE PROCESS

[22]   APPROVES the steps and actions taken by PwC Corporate Finance in connection with the sale process for the Property of the Debtors as provided for in the Engagement Letter (Exhibit R-12) (the "**Sale Process**") and authorizes the Receiver to engage PwC Corporate Finance to continue and complete the Sale Process on such terms as are satisfactory to the Receiver and the Petitioner.

GENERAL

[23]   ORDERS that the Receiver may from time to time apply to this Court for advice and directions in the discharge of its powers and duties hereunder.

[24]   ORDERS that nothing in this Order shall prevent the Receiver from acting as a trustee in bankruptcy of the Debtors.

[25]   REQUESTS the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the United States to give effect to this Order and to assist the Receiver and its agents in carrying out the terms of this Order, including without limitation, authorizing the Receiver to act as the "foreign representative" of the Debtors within the meaning of prospective proceedings under Chapter 15 of Title 11 of the United States Code before the U.S. Bankruptcy Court. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Receiver, as an officer of this Court, as may be necessary or desirable to give effect to this Order or to assist the Receiver and its agents in carrying out the terms of this Order.

[26]   ORDERS that the Receiver be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order, and that the Receiver is authorized and empowered to act as a representative in respect of the within proceedings for the purpose of having these proceedings recognized in a jurisdiction outside Canada.

[27]   ORDERS that the Receiver is authorized to resort to the use of force if necessary in the execution of its powers granted under this Order and Orders that the Receiver may only resort to the use of force in carrying out this Order if its representatives are accompanied by a peace officer.

[28]   ORDERS that any interested party may apply to this Court to vary or amend this Order on not less than 7 days' notice to the Receiver, the Petitioner and to any other party likely to be affected by the order sought or upon such other notice, if any, as this Court may order.

[29]   ORDERS the provisional execution of this Order notwithstanding appeal thereof.

- 10 -

[30]    **THE WHOLE** without costs.

_____

André denis   s.c.j.

December 6, 2010

8273947.11