## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | **Chapter 15** |
| | ) | |
| **SALERNO PLASTIC FILM AND** | ) | **Case No. 10-_____** |
| **BAGS (USA) INC.,** | ) | |
| | ) | |
| **Debtor.** | ) | |
| Tax ID No. xx-xxx9372 | ) | |

## MOTION FOR ORDER (I) SCHEDULING HEARING ON CHAPTER 15
## PETITION AND (II) SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE

PricewaterhouseCoopers Inc. ("PwC" or the "Receiver"), as the court-appointed[1] receiver

for Salerno Plastic Film and Bags (USA) Inc. ("Salerno US") and its affiliated Canadian debtors,

Salerno Plastic Film and Bags (Canada) Inc. f/k/a Salerno Transparent Bags (1997) Ltd.

("Salerno Parent") and Salerno Canada Property Inc. ("Salerno Canada," and together with

Salerno US and Salerno Parent, the "Salerno Entities") and foreign representative of Salerno US,

by and through its undersigned counsel, hereby moves this Court for entry of an order (i)

scheduling a hearing on the relief sought in the Receiver's Verified Chapter 15 Petition for

Recognition of Foreign Proceeding and Related Relief, dated December 6, 2010 (together with

the Official Form of Voluntary Petition, dated December 6, 2010, the "Petition"), and (ii)

specifying the form and manner of service of notice of the Petition, the summons (the

"Summons"), and the Motion for Emergency and Final Relief Pursuant to Sections 105(a), 1519,

1520 and 1521 of the Bankruptcy Code (the "Motion for Relief").[2]  In support of this motion

(this "Motion"), PwC respectfully represents as follows:

---

[1] PwC was appointed as receiver pursuant to section 243(1) of Canada's *Bankruptcy and Insolvency Act* in proceedings (the "Canadian Proceeding") in the Superior Court, Commercial Division, District of Longueuil, Province of Québec  (the "Canadian Court") by order dated December 6, 2010 (the "Receivership Order").   A certified copy of the Receivership Order is attached as Ex. A to the Verified Petition.

[2] Capitalized terms not otherwise defined herein shall carry the meanings assigned them in the Motion for Relief.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and section 1501 of title 11 of the United States Code (the "Bankruptcy Code"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409 because Salerno US's principal assets and principal place of business located within the United States are in Plattsburgh, New York.  The statutory predicates for the relief requested herein are, among others, sections 105(a), 1514 and 1517 of the Bankruptcy Code and Rules 2002, 9007 and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## REQUEST FOR RELIEF

2.      By this Motion, the Receiver seeks entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), (i) setting a hearing on the Petition for January 5, 2011, or as soon as reasonably practicable thereafter (the "Hearing"), with responses, if any, to be filed and served by no later than five (5) business days before the Hearing, (ii) approving the notice by way of electronic mail, United States Postal Service, express mail prepaid or by overnight and international courier service of the Petition and Motion for Relief in the form annexed as Exhibit 1 to the Proposed Order (the "Notice"), and (iii) approving the notice by way of publication of the Petition in the form annexed as Exhibit 2 to the Proposed Order (the "Publication Notice").

## BACKGROUND

3.      On December 6, 2010, the Receiver commenced this case (the "Chapter 15 Case") by filing the Petition and accompanying documentation.  Contemporaneously therewith, the Receiver filed the Motion for Relief, by the which the Receiver seeks entry of two orders:

i.      an emergency order (the "Emergency Order") which, on an interim basis, (A) imposes a stay of all proceedings in the United States against the Receiver or Salerno US, or against Salerno US's business, assets or property located in the United States or any attempt to collect thereon; (B) authorizes PwC to act as receiver with the power and authorization provided for in the Receivership Order; (C) authorizes the Receiver to incur the secured post-petition indebtedness authorized by the Receivership Order in order to avoid immediate and irreparable harm to Salerno US's estate, as more fully set forth in the Motion for Relief; (D) approves the sale process authorized by the Canadian Court; (E) authorizes the de minimis asset sale procedures provided for in the Receivership Order; (F) approves the cash management procedures set forth in the Receivership Order; and (G) grants such other related relief as is necessary and proper; and

ii.      after entry of a recognition order under section 1517 of the Bankruptcy Code, the entry of a final order (A) authorizing the relief granted in the Emergency Order on a final basis and (B) recognizing in full the Receivership Order.

Additional background concerning the basis for the Chapter 15 Case, the Canadian Proceeding, the Salerno Entities' business, corporate organization and capital structure, and the circumstances leading to the chapter 15 filings is set forth in the Affidavit of Bernard Brunet in Support of (I) Petition for Recognition of Foreign Proceeding and (II) Motion for Emergency and Final Relief Pursuant to Sections 105(a), 1519, 1520 and 1521 of the Bankruptcy Code, dated December 6, 2010.

## BASIS FOR RELIEF

4.      As stated above, the requested relief is authorized by, among others, sections 105(a), 1514 and 1517 of the Bankruptcy Code and Rules 2002, 9007 and 9008 of the Bankruptcy Rules. Bankruptcy Rule 2002(q)(1) provides that the parties identified therein (the "Notice Parties") must be given at least 21 days' notice of a hearing to consider the petition for recognition of a foreign proceeding. Bankruptcy Rules 2002(m) and 9007, in turn, provide, among other things, that when notice is to be given under the Bankruptcy Rules, the presiding court shall designate the form and manner in which such notice shall be given (provided the Bankruptcy Rules do not otherwise specify the appropriate form and manner of such notice).

Although Bankruptcy Rule 2002(q) provides that the Notice Parties must receive at least 21 days notice by mail of the hearing on the petition for recognition of a foreign proceeding, it fails to specify the form and manner in which such notice must be given. Therefore, pursuant to Bankruptcy Rules 2002(m) and 9007, this Court may specify such form and manner of notice.

5.      Accordingly, the Receiver respectfully requests that the Notice and the Publication Notice be approved by this Court pursuant to Bankruptcy Rules 9007 and 9008, and that: (i) service of the Notice by electronic mail, United States Postal Service, express mail prepaid or by overnight and international courier service upon the Notice Parties, including all known creditors and all other parties against whom relief is sought (or their counsel), including any such parties (or counsel) that have addresses outside the United States, on or before December 15, 2010; and (ii) publication of the Publication Notice in the National Post on or before December 15, 2010, and the Plattsburgh Press Republican, on or before December 15, 2010, be approved as adequate and sufficient notice of the Summons, Petition and Motion for Relief.[3]  The Receiver respectfully submits that such service and notice procedures are wholly appropriate given the large number of creditors in the Chapter 15 Case, the contents of the Notice and Publication Notice and that the Publication Notice will be published in a nationally published periodical that is widely read in Canada and a regionally published periodical that is widely read in Plattsburgh, New York, the location of the US Plant.

6.      Along those same lines, the Receiver notes that Bankruptcy Rule 1010(a) requires that "[w]hen a petition for recognition of a foreign nonmain proceeding is filed . . . . the summons shall be served with a copy of the petition . . .".  Although the Receiver strongly

---

[3] Notwithstanding the relief sought in this Motion, on or about the day hereof, copies of the Petition, this Motion and the Motion for Relief were served on the Salerno Entities, the taxing authorities located in Delaware and New York, CIBC Asset-Based Lending Inc. f/k/a CIT Business Credit Canada Inc., Business Development Bank of Canada, Investissements Québec, and the Office of the United States Trustee for the Northern District of New York.

believes that the Canadian Proceeding should be granted recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code, and thus that Bankruptcy Rule 1010(a) does not apply, the Receiver is mindful that it has, in the alternative, sought recognition of the proceeding as a "nonmain" proceeding pursuant to section 1517(b)(2) of the Bankruptcy Code. In the unlikely event that the Canadian Proceeding is not granted recognition as a foreign main proceeding but instead is granted recognition as a "nonmain" proceeding, the Receiver believes that its proposed method of service and notice, as is described more fully above, is reasonably calculated to notify the creditors and other parties in interest required to be notified under the Bankruptcy Rules and the Bankruptcy Code of the Summons, Petition and Motion for Relief. In addition, serving a copy of the Summons[4] and the Petition in addition to the Notice, solely because Bankruptcy Rule 1010 would require it in the unlikely event the Canadian Proceeding is deemed to be a foreign "nonmain" proceeding, is unduly burdensome, cost prohibitive and, the Receiver would respectfully submit, unnecessary. Accordingly, the Receiver respectfully requests a waiver of this requirement under Bankruptcy Rule 1010 if such rule proves to be applicable.

7.      The Receiver respectfully requests that any motions, answers, responses or objections to the Petition and the Motion for Relief be made pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Court's local rules, including, without limitation, Bankruptcy Rule 1011, in writing and setting forth the basis therefor. Such motion, answer, response or objection must be filed with this Court in accordance with such Court's local rules, and served upon

---

[4] Because the summons requirement of Bankruptcy Rule 1010 does not apply to petitions for recognition of foreign main proceedings as opposed to foreign "nonmain" proceedings, the leading treatise notes that reference to "summons" in Bankruptcy Rule 1010(a) is inapplicable to foreign main proceedings. *See* 9 Collier on Bankruptcy, ¶ 1010[6] (Alan N. Resnick, et al (15th ed. rev. 2010) and 2008 Advisory Committee Note to Fed. R. Bankr. P. 1010).

counsel for the Receiver, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attention: Russell C. Silberglied, and McNamee, Lochner, Titus & Williams, 677 Broadway, P.O. Box 459, Albany, New York 12201-0459, Attention: Peter A. Pastore; and counsel for CIBC Asset-Based Lending Inc. f/k/a CIT Business Credit Canada Inc., 199 Bay Street, Suite 2800, Commerce Court West, Toronto ON M5L 1A9, Canada, Attention: Linc Rogers.

8.    In light of, and consistent with, the 21-day notice requirement set forth in Bankruptcy Rule 2002(q)(1), the Receiver respectfully requests that the Hearing be scheduled for January 5, 2011, or as soon thereafter as the Court can schedule, and that any answer or motion in response to the Petition be received by no later than 4:00 p.m. (Eastern Standard Time) on the day that is five (5) business days before the Hearing.

9.    The Receiver respectfully requests that if any party files a notice of appearance in the Chapter 15 Case, it will be deemed adequate notice if the Receiver serves the Notice and any subsequent notices or other papers filed in the Chapter 15 Case upon such party within five (5) business days of the filing of such notice of appearance if such documents have not already been served on such party (or its counsel).

10.    Notice of further pleadings and other papers filed in the Chapter 15 Case will be served by electronic mail, United States Postal Service, express mail prepaid, or by overnight or international courier service, or pursuant to any further Orders of this Court.

11.    Section 1514(c) of the Bankruptcy Code states that when "a notification of commencement of a case is to be given to foreign creditors, such notification shall (1) indicate the time period for filing proofs of claim and specify the place for filing such proofs of claim; [and] (2) indicate whether secured creditors need to file proofs of claim . . .".  11 U.S.C.

§1514(c). The Receiver respectfully requests that such requirements be waived because the claims process will be and has not yet been established in the Canadian Proceeding, and ample notice of all relevant claim bar dates and related filing requirements will be provided therein.

12.    Similar relief to that requested in this Motion has been previously granted by this and other Courts. *See In re Destinator Technologies*, No. 08-11003 (Bankr. D. Del. May 20, 2008) (approving form and specifying manner of service); *In re Main Knitting, Inc.*, No. 08-11272 (Bankr. N.D.N.Y. Apr. 25, 2008) (same); *In re Quebecor World Inc.*, No. 08-13814 (Bankr. S.D.N.Y. Oct. 1, 2008) (same); *In re Arion Ins. Co. Ltd.*, No. 07-12108 (Bankr. S.D.N.Y. July 11, 2007) (same); *In re Daewoo Corp.*, No. 06-B-12242 (Bankr. S.D.N.Y. Sept. 26, 2006) (same); *In re Greyfriars Ins. Co. Ltd.*, Nos. 07-B-12934 - 07-B-12944 (jointly administered) (Bankr. S.D.N.Y. Sept. 20, 2007) (same).

## CONCLUSION

WHEREFORE, the Receiver respectfully requests that the Court grant this

Motion, and enter the Proposed Order (i) scheduling the Hearing for January 5, 2011, or as soon

as reasonably practicable thereafter, with responses, if any, to be filed five (5) business days

before such hearing, (ii) approving the Notice and specifying the form and manner of service

thereof, (iii) approving the Publication Notice and publication thereof, and (iv) granting such

other and further relief as is appropriate under the circumstances.

Dated: December 6, 2010
      Albany, New York

Peter A. Pastore
MCNAMEE, LOCHNER, TITUS & WILLIAMS
677 Broadway, P.O. Box 459
Albany, New York 12201-0459
Telephone: (518) 447-3200

-and-

Russell C. Silberglied
L. Katherine Good
Marisa A. Terranova
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700

*Counsel to PricewaterhouseCoopers Inc.,*
*Receiver for Salerno Plastic Film and Bags*
*(USA) Inc.*

RLF1 3633916v. 3

## Exhibit A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | **Chapter 15** |
| | ) | |
| **SALERNO PLASTIC FILM AND** | ) | **Case No. 10-_____** |
| **BAGS (USA) INC.,** | ) | |
| | ) | |
| **Debtor.** | ) | |
| Tax ID No. xx-xxx9372 | ) | |

**ORDER (I) SCHEDULING HEARING ON CHAPTER 15**
**PETITION AND (II) SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE**

This matter was brought by the motion (the "Motion")[1] of PricewaterhouseCoopers Inc.

("PwC" or "Receiver"), as the Canadian Court appointed receiver[2] for Salerno Plastic Film and

Bags (USA) Inc. ("Salerno US") and its affiliated Canadian debtors, Salerno Plastic Film and

Bags (Canada) Inc. f/k/a Salerno Transparent Bags (1997) Ltd. ("Salerno Parent"), Salerno

Canada Property Inc. ("Salerno Canada," and together with Salerno US and Salerno Parent, the

"Salerno Entities") and foreign representative of Salerno US, pursuant to, among others, sections

105(a), 1514 and 1517 of the Bankruptcy Code and Rules 2002, 9007 and 9008 of the

Bankruptcy Rules, for entry of an order (i) scheduling a hearing on the relief sought in the

Petition, and (ii) specifying the form and manner of service of notice of the Petition, Summons,

and Motion for Relief in the form attached hereto as Exhibit 1 (the "Notice"), and (iii) approving

the notice by way of publication of the Petition in the form attached hereto as Exhibit 2 (the

"Publication Notice").

NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1.      The Motion is granted.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

[2] PwC was appointed as receiver pursuant to section 243(1) of Canada's *Bankruptcy and Insolvency Act* in proceedings (the "Canadian Proceeding") in the Superior Court, Commercial Division, District of Longueuil, Province of Québec (the "Canadian Court") by order dated December 6, 2010 (the "Receivership Order").

2.    The form of the Notice attached hereto as Exhibit 1 is hereby approved.

3.    The form of the Publication Notice attached hereto as Exhibit 2 is hereby approved.

4.    Copies of the Notice shall be served by electronic mail, United States Postal Service, express mail prepaid or by overnight and international courier service upon the Notice Parties, including all known creditors and all other parties against whom relief is sought (or their counsel), including any such parties (or counsel) that have addresses outside the United States, on or before December 15, 2010, or as soon thereafter as practicable.

5.    The Publication Notice shall be published in the National Post on or before December 15, 2010, or as soon thereafter as practicable, and the Plattsburgh Press Republican on or before December 15, 2010, or as soon thereafter as practicable.

6.    Notice of further pleadings and other papers filed in the Chapter 15 Case will be served by United States mail, express mail prepaid, electronic mail, or by overnight and international courier, or pursuant to any further Order of this Court.

7.    If any party files a notice of appearance in the Chapter 15 Case, the Receiver shall serve the Notice upon such party within five (5) business days of the filing of such notice of appearance if such documents have not already been served on such party (or its counsel).

8.    Service of the Notice and publication of the Publication Notice in accordance with this Order and the procedures described in the Motion is hereby approved as adequate and sufficient notice and service on all interested parties and of the relief requested in the Summons, Petition and Motion for Relief.

9.    Motions, answers, responses or objections to the Petition and the Motion for Relief must be made pursuant to the Bankruptcy Code, this Court's local rules and the

2

Bankruptcy Rules including, without limitation Bankruptcy Rule 1011, in writing, and setting forth the basis therefor. Such motions, answers, responses or objections must be filed with this Court in accordance with such Court's local rules, and served upon counsel for the Receiver, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attention: Russell C. Silberglied, and McNamee, Lochner, Titus & Williams, 677 Broadway, P.O. Box 459, Albany, New York 12201-0459, Attention: Peter A. Pastore; and counsel for CIBC Asset-Based Lending Inc. f/k/a CIT Business Credit Canada Inc., 199 Bay Street, Suite 2800, Commerce Court West, Toronto ON M5L 1A9, Canada, Attention: Linc Rogers.

10.    Any motion or answer in response to the Petition must be received by no later than _____, **201\_ at 4:00 p.m. (Eastern Standard Time)**.

11.    A hearing to consider the Petition shall be scheduled for **January \_\_, 2011 at \_\_:\_\_ \_.m (Eastern Standard Time)** before The Honorable Robert E. Littlefield, Chief United States Bankruptcy Judge at the United States Bankruptcy Court for the Northern District of New York, James T. Foley Courthouse, 445 Broadway, Suite 330, Albany, New York 12207.

12.    All notice requirements specified in section 1514(c) of the Bankruptcy Code are hereby waived.

13.    The requirement pertaining to service of the petition specified in Bankruptcy Rule 1010(a) is hereby waived.

Dated: Albany, New York
      December \_\_\_\_\_, 2010

                                               _____
                                               UNITED STATES BANKRUPTCY JUDGE

3

# EXHIBIT 1

## Notice

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | **Chapter 15** |
| | ) | |
| **SALERNO PLASTIC FILM AND** | ) | **Case No. 10-_____** |
| **BAGS (USA) INC.,** | ) | |
| | ) | |
| Debtor. | ) | |
| Tax ID No. xx-xxx9372 | ) | |

**NOTICE OF (I) FILING AND HEARING ON (A) CHAPTER 15 PETITION
FOR RECOGNITION OF FOREIGN PROCEEDING AND RELATED RELIEF
AND (B) MOTION FOR EMERGENCY AND FINAL RELIEF PURSUANT
TO SECTIONS 105(A), 1519, 1520 AND 1521 OF THE BANKRUPTCY CODE
AND (II) ENTRY OF ORDER GRANTING CERTAIN EMERGENCY RELIEF**

**PLEASE TAKE NOTICE** that on December 6, 2010, PricewaterhouseCoopers Inc. ("PwC" or the "Receiver"), as the court-appointed[1] receiver for Salerno Plastic Film and Bags (USA) Inc. ("Salerno US") and its affiliated Canadian debtors, Salerno Plastic Film and Bags (Canada) Inc. f/k/a Salerno Transparent Bags (1997) Ltd. ("Salerno Parent") and Salerno Canada Property Inc. ("Salerno Canada," and together with Salerno US and Salerno Parent, the "Salerno Entities") and foreign representative of Salerno US, filed a petition (the "Petition") in the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court") under chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") commencing a chapter 15 case ancillary to the Canadian Proceeding and seeking recognition of such foreign proceeding as a "foreign main proceeding," or in the alternative, a "foreign non-main proceeding," and relief in aid thereof.

**PLEASE TAKE FURTHER NOTICE** that on December 6, 2010, the Receiver also filed the Motion for Emergency and Final Relief Pursuant to Sections 105(a), 1519, 1520 and 1521 of the Bankruptcy Code (the "Motion") requesting the entry of two orders: (i) an emergency order (the "Emergency Order") which, on an interim basis, (A) imposes a stay of all proceedings in the United States against the Receiver or Salerno US, or against Salerno US's business, assets or property located in the United States or any attempt to collect thereon; (B) authorizes PwC to act as receiver with the power and authorization provided for in the Receivership Order; (C) authorizes the Receiver to incur the secured post-petition indebtedness authorized by the Receivership Order in order to avoid immediate and irreparable harm to Salerno US's estate, as more fully set forth in the Motion; (D) approves the sale process authorized by the Canadian Court; (E) authorizes the de minimis asset sale procedures provided for in the Receivership Order; (F) approves the cash management procedures set forth in the Receivership Order; and (G) grants such other related relief as is necessary and proper; and (ii)

---

[1] PwC was appointed as receiver pursuant to section 243(1) of Canada's *Bankruptcy and Insolvency Act* in proceedings (the "Canadian Proceeding") in the Superior Court, Commercial Division, District of Longueuil, Province of Québec (the "Canadian Court") by order dated December 6, 2010 (the "Receivership Order"). A certified copy of the Receivership Order is attached as Ex. A to the Petition.

after entry of a recognition order under section 1517 of the Bankruptcy Code, the entry of a final order (the "Final Order") (A) authorizing the relief granted in the Emergency Order on a final basis and (B) recognizing in full the Receivership Order.

**PLEASE TAKE FURTHER NOTICE** that, on December ___, 2010, the Bankruptcy Court entered the Order (I) Scheduling Hearing on Chapter 15 Petition and (II) Specifying Form and Manner of Service of Notice, which, among other things, scheduled a hearing on **January ___, 2011 at _:_ _.m. (Eastern Standard Time)** (the "Recognition Hearing") before The Honorable Robert E. Littlefield, Chief United States Bankruptcy Judge at the United States Bankruptcy Court for the Northern District of New York, James T. Foley Courthouse, 445 Broadway, Suite 330, Albany, New York 12207, regarding motions or answers, if any, in response to the Petition.

**PLEASE TAKE FURTHER NOTICE** that on December ___, 2010, the Bankruptcy Court entered the Emergency Order and scheduled a hearing on entry of the recognition order and the Final Order for the Recognition Hearing.

**PLEASE TAKE FURTHER NOTICE** that any party in interest wishing to submit a motion, answer, response or objection in response to the Petition or the Motion must do so pursuant to the Bankruptcy Code and the local rules of the Bankruptcy Court and the Federal Rules of Bankruptcy Procedure, including, without limitation Rule 1011 of the Federal Rules of Bankruptcy Procedure, in writing and setting forth the basis therefor. Such response or objection must be filed with the Bankruptcy Court in accordance with the Bankruptcy Court's local rules and served upon counsel for the Receiver, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attention:  Russell C. Silberglied, and local counsel for the Receiver, McNamee, Lochner, Titus & Williams, 677 Broadway, P.O. Box 459, Albany, New York 12201-0459, Attention: Peter A. Pastore; and counsel for CIBC Asset-Based Lending Inc. f/k/a CIT Business Credit Canada Inc., 199 Bay Street, Suite 2800, Commerce Court West, Toronto ON M5L 1A9, Canada, Attention: Linc Rogers.

**PLEASE TAKE FURTHER NOTICE** that any motion or answer in response to the Petition must be received by no later than **December ___, 2010 at 4:00 p.m. (Eastern Standard Time)**, and any objection or response to the Motion must be received by no later than **December ___, 2010 at 4:00 p.m. (Eastern Standard Time)**.

**PLEASE TAKE FURTHER NOTICE** that all parties in interest opposed to the Petition or the Receiver's request for recognition or relief must appear at the Recognition Hearing at the time and place set forth above.

**PLEASE TAKE FURTHER NOTICE** that if no answer, motion, response or objection is timely filed and served as provided above, the Bankruptcy Court may grant the recognition and relief requested by the Receiver without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that the Recognition Hearing may be adjourned from time to time without further notice other than an announcement in open court at the Recognition Hearing of the adjourned date or dates or any further adjourned hearing.

2

**PLEASE TAKE FURTHER NOTICE** that copies of the Petition, the Motion, the Emergency Order, and the Final Order (once entered), and other filings in this case, are available (1) on the Bankruptcy Court's Electronic Case Filing System, which can be accessed from the Bankruptcy Court's website at https://ecf.nynb.uscourts.gov (a PACER login and a password are required to retrieve a document), and/or (2) upon written request to the Receiver's counsel addressed to:

> Richards, Layton & Finger, P.A.
> One Rodney Square
> 920 North King Street
> Wilmington, Delaware 19801
> Facsimile (302) 651-7701
> Attention: Russell C. Silberglied or L. Katherine Good
> silberglied@rlf.com
> good@rlf.com

Dated: December __, 2010
      Albany, New York

> _____
> Peter A. Pastore
> MCNAMEE, LOCHNER, TITUS & WILLIAMS
> 677 Broadway, P.O. Box 459
> Albany, New York 12201-0459
> Telephone: (518) 447-3200
>
> -and-
>
> Russell C. Silberglied
> L. Katherine Good
> Marisa A. Terranova
> RICHARDS, LAYTON & FINGER, P.A.
> One Rodney Square
> 920 North King Street
> Wilmington, DE 19801
> Telephone: (302) 651-7700
>
> *Counsel to PricewaterhouseCoopers Inc.,*
> *Receiver for Salerno Plastic Film and Bags*
> *(USA) Inc.*

RLF1 3633916v. 3

**<u>EXHIBIT 2</u>**

**Publication Notice**

FOR PUBLICATION

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | **Chapter 15** |
| | ) | |
| **SALERNO PLASTIC FILM AND** | ) | **Case No. 10-_____** |
| **BAGS (USA) INC.,** | ) | |
| | ) | |
| **Debtor.** | ) | |
| | ) | |

## NOTICE OF FILING AND HEARING ON CHAPTER 15 PETITION FOR
## RECOGNITION OF FOREIGN PROCEEDING AND RELATED RELIEF

**PLEASE TAKE NOTICE** that on December 6, 2010, PricewaterhouseCoopers Inc. ("PwC" or the "Receiver"), as the court-appointed[1] receiver for Salerno Plastic Film and Bags (USA) Inc. ("Salerno US") and its affiliated Canadian debtors, Salerno Plastic Film and Bags (Canada) Inc. f/k/a Salerno Transparent Bags (1997) Ltd. ("Salerno Parent") and Salerno Canada Property Inc. ("Salerno Canada," and together with Salerno US and Salerno Parent, the "Salerno Entities") and foreign representative of Salerno US, filed a petition (the "Petition") in the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court") under chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") commencing a chapter 15 case ancillary to the Canadian Proceeding and seeking recognition of such foreign proceeding as a "foreign main proceeding," or in the alternative, a "foreign non-main proceeding," and relief in aid thereof.

**PLEASE TAKE FURTHER NOTICE** that, on December __, 2010, the Bankruptcy Court entered the Order (I) Scheduling Hearing on Chapter 15 Petition and (II) Specifying Form and Manner of Service of Notice, which, among other things, scheduled a hearing on **January __, 2011 at _:_ _.m. (Eastern Standard Time)** (the "Recognition Hearing") before The Honorable Robert E. Littlefield, Chief United States Bankruptcy Judge at the United States Bankruptcy Court for the Northern District of New York, James T. Foley Courthouse, 445 Broadway, Suite 330, Albany, New York 12207, regarding motions and answers, if any, in response to the Petition.

**PLEASE TAKE FURTHER NOTICE** that any party in interest wishing to submit a motion or answer in response to the Petition must do so pursuant to the Bankruptcy Code, and the local rules of the Bankruptcy Court and the Federal Rules of Bankruptcy Procedure, including, without limitation Rule 1011 of the Federal Rules of Bankruptcy Procedure, in writing and setting forth the basis therefor. Such motion or answer must be filed with the Bankruptcy

---

[1] PwC was appointed as receiver pursuant to section 243(1) of Canada's *Bankruptcy and Insolvency Act* in proceedings (the "Canadian Proceeding") in the Superior Court, Commercial Division, District of Longueuil, Province of Québec by order dated December 6, 2010 (the "Receivership Order"). A certified copy of the Receivership Order is attached as Ex. A to the Petition.

Court in accordance with the Bankruptcy Court's local rules and served upon counsel for the Receiver, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attention:  Russell C. Silberglied, and local counsel for the Receiver, McNamee, Lochner, Titus & Williams, 677 Broadway, P.O. Box 459, Albany, New York 12201-0459, Attention: Peter A. Pastore; and counsel for CIBC Asset-Based Lending Inc. f/k/a CIT Business Credit Canada Inc., 199 Bay Street, Suite 2800, Commerce Court West, Toronto ON M5L 1A9, Canada, Attention: Linc Rogers, so as to be actually received by no later than **December ___, 2010 at 4:00 p.m. (Eastern Standard Time).**

**PLEASE TAKE FURTHER NOTICE** that all parties in interest opposed to the Petition or the Receiver's request for recognition or relief must appear at the Recognition Hearing at the time and place set forth above.

**PLEASE TAKE FURTHER NOTICE** that if no motion or answer is timely filed and served as provided above, the Bankruptcy Court may grant the recognition and relief requested by the Receiver without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that the Recognition Hearing may be adjourned from time to time without further notice other than an announcement in open court at the Recognition Hearing of the adjourned date or dates or any further adjourned hearing.

**PLEASE TAKE FURTHER NOTICE** that copies of the Petition and other filings in this case, are available (1) on the Bankruptcy Court's Electronic Case Filing System, which can be accessed from the Bankruptcy Court's website at https://ecf.nynb.uscourts.gov (a PACER login and a password are required to retrieve a document), and/or (2) upon written request to the Receiver's counsel addressed to:

> Richards, Layton & Finger, P.A.
> One Rodney Square
> 920 North King Street
> Wilmington, Delaware 19801
> Facsimile (302) 651-7701
> Attention: Russell C. Silberglied or L. Katherine Good
> silberglied@rlf.com
> good@rlf.com

RLF1 3633916v. 3