## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 15 |
| | ) |
| SALERNO PLASTIC FILM AND | ) Case No. 10-14504 |
| BAGS (USA) INC., | ) |
| | ) |
| Debtor. | ) |
| Tax ID No. xx-xxx9372 | ) |

*RECEIVED & FILED DEC 7 2010 OFFICE OF THE BANKRUPTCY CLERK ALBANY, NY*

### ORDER GRANTING EMERGENCY MOTION FOR AN INTERIM STAY

This matter was brought upon by the motion (the "Motion")[1] of PricewaterhouseCoopers Inc. ("PwC" or "Receiver"), as the Canadian Court appointed receiver[2] for Salerno Plastic Film and Bags (USA) Inc. ("Salerno US" or the "Chapter 15 Debtor") and its affiliated Canadian debtors, Salerno Plastic Film and Bags (Canada) Inc. f/k/a Salerno Transparent Bags (1997) Ltd. ("Salerno Parent"), Salerno Canada Property Inc. ("Salerno Canada," and together with Salerno US and Salerno Parent, the "Salerno Entities") and foreign representative of Salerno US, pursuant to sections 1519 and 1521 of title 11 of the United States Code (the "Bankruptcy Code"), for (i) entry of an emergency order (the "Emergency Order") which imposes a stay of all proceedings in the United States against the Receiver or Salerno US, and Salerno US's business, property or assets located in the United States and any attempt to collect thereon and recognizes the Receivership Order on an interim basis, and grants certain relief under section 363 and 364 of the Bankruptcy Code on an interim basis and (ii) concurrently with or after entry of a recognition order under section 1517 of the Bankruptcy Code, the entry of a final order (the "Final Order") recognizing the Receivership Order, and extending the stay granted in the Emergency Order on a

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

[2] PwC was appointed as receiver pursuant to section 243(1) of Canada's *Bankruptcy and Insolvency Act* (the "BIA") in proceedings (the "Canadian Proceeding") in the Superior Court, Commercial Division, District of Longueuil, Province of Québec (the "Canadian Court") by order dated December 6, 2010 (the "Receivership Order").

RLF1 3632920v. 1

permanent basis. This Order constitutes the Court's granting of the Emergency Order and schedules a further hearing on the request for a Final Order.

The Court has considered and reviewed the Motion, the Verified Petition for Recognition of the Canadian Proceeding filed by the Receiver under chapter 15 of the Bankruptcy Code (the "Petition"), the Affidavit of Bernard Brunet in support of the Petition and the Memorandum of Law filed in support of the Petition and the Motion. The Court also has considered any objections thereto and held a hearing in connection with the request for an Emergency Order. Based on the foregoing, this Court finds and concludes as follows:

(A) The Receiver has demonstrated a reasonable probability that the Canadian Proceeding will be recognized as a foreign main proceeding;

(B) The Receiver has demonstrated that the commencement or continuation of any proceeding or action against the Receiver or Salerno US, or Salerno US's business, assets or property, and an attempt to collect thereon, should be enjoined pursuant to sections 105(a) and 1519(a) of the Bankruptcy Code to permit the fair and efficient administration of the estate in the Canadian Proceeding and to preserve the status quo for the benefit of creditors, and the relief requested will not cause either an undue hardship nor create any hardship to parties in interest that is not outweighed by the benefits of this restraining order;

(C) The Receiver has demonstrated that unless a temporary restraining order is issued, there is a material risk that one or more parties in interest will take action against Salerno US or its assets, thereby interfering with the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code, interfering with and causing harm to the Receiver's efforts to administer, market and sell Salerno US's estate pursuant to the Canadian Proceeding. As a result, the Receiver, Salerno US and its creditors will suffer immediate and irreparable harm for


which they will have no adequate remedy at law and therefore it is necessary that the Court grant the relief requested on an emergency basis;

(D) The interest of the public will be served by this Court's granting of the relief requested by the Receiver;

(E) The requests to recognize the portions of the Receivership Order relating to financing, cash management, sale procedures and De Minimis Asset Sales are appropriate relief available to a receiver pursuant to sections 364, 345, 363 and 105(a) of the Bankruptcy Code and therefore relief is proper under sections 1519(a)(5) and 1521(a)(7) of the Bankruptcy Code;

(F) This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334;

(G) This is a core proceeding pursuant to 28 U.S.C. §1410(1) and (3); and

(H) Venue is proper in this District pursuant to 28 U.S.C. §1410(a)(1) and (3).

NOW THEREFORE, IT IS HEREBY ORDERED as follows:

1. Pending a hearing on the entry of the Final Order, no litigation, proceeding, enforcement process or collection action in any court or tribunal (each, a "Proceeding") shall be commenced or continued against or in respect of Salerno US or the Receiver, or affecting Salerno US's business, assets or property, except with the written consent of the Receiver, or with leave of this Court or the Canadian Court, and any and all Proceedings currently under way, against or in respect of the Receiver or Salerno US, or affecting Salerno US's, assets or property are hereby stayed and suspended pending further Order of the Canadian Court or this Court.

2. All rights and remedies of any individual, firm, corporation, partnership, LLC, governmental body or agency, or any other entities (all of the foregoing, collectively being

3

"Persons" and each being a "Person") against or in respect of the Receiver or Salerno US, or affecting Salerno US's business, assets or property, are hereby stayed and suspended except with the written consent of the Receiver, or leave of this Court or the Canadian Court, provided that nothing in this Order shall (i) empower Salerno US to carry on any business which Salerno US is not lawfully entitled to carry on, (ii) exempt Salerno US from compliance with statutory or regulatory provisions relating to health, safety or the environment, (iii) prevent the filing of any registration to preserve or perfect a security interest, or (iv) prevent the registration of a claim for lien.

3. Pending a hearing on the entry of the Final Order, pursuant to paragraph 3(l) of the Receivership Order, the Receiver shall be authorized to sell, convey, transfer, lease or assign the property of Salerno US without approval of the Canadian Court or this Court (subject to the approval of CIBC or, if BDC has first priority in that collateral, BDC) in respect of any transaction not exceeding $100,000, provided that the aggregate consideration for all such transactions does not exceed $500,000.

4. Pending a hearing on the entry of the Final Order, the Receiver shall be authorized to continue Salerno US's cash management system or to alter it in a manner substantially similar to the current system, all pursuant to paragraph 13 of the Receivership Order.

5. Pending a hearing on the entry of the Final Order, the Receiver shall be permitted to make additional draws on the pre-petition credit facility, thereby incurring secured indebtedness, in accordance with paragraph 21 of the Receivership Order.

6. Pending a hearing on the entry of the Final Order, the Receiver shall be permitted to continue and complete the sale process in accordance with paragraph 22 of the Receivership Order, which process is in the best interests of the Chapter 15 Debtor and its creditors.

7. Pursuant to section 1519(a)(2), PwC is authorized to act as foreign representative in this chapter 15 case.

8. Nothing herein shall enjoin a police or regulatory act of a governmental unit, including a criminal action or proceeding.

9. Notice of the entry of this Order shall be served in accordance with Rule 2002 of the Federal Rules of Bankruptcy Procedure.

10. Service in accordance with this Order shall constitute adequate and sufficient service and notice.

11. This Court will conduct a hearing on Jan. 12, 2011 at 10:30 a.m. to consider entry of the Final Order and permanent extension of this Emergency Order. All objections must be filed with the Court and served on counsel for the Receiver, Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, Delaware 19801, Attn: Russell C. Silberglied, so as to be received on or before Jan. 5, 2011 at 4:00 p.m.

Dated: December 7, 2010
Albany, New York

UNITED STATES BANKRUPTCY JUDGE

**RECEIVED & FILED**

DEC 7 2010

OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY